**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF NOWAK CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE CO.,<br><br>Defendant. | Case No. 13-1296-RDR |

**MEMORANDUM AND ORDER**

This action is titled a "Miller Act Complaint." It is brought by the United States by and for the use of plaintiff Nowak Construction Company, Inc. ("Nowak"). Defendant is the Liberty Mutual Insurance Company ("Liberty"). There are two counts to the complaint. The first count is a Miller Act claim. See 40 U.S.C. § 3131 et seq. It alleges that Nowak was a subcontractor on a contract awarded by the U.S. Army Corps of Engineers for improvements and upgrades at Marion Reservoir at Marion, Kansas. It further alleges that plaintiff provided labor and materials for the project but was not paid by the contractor. It is asserted additionally that Liberty issued a payment bond for the protection of plaintiff and that Liberty has been notified of Nowak's claim. The second count of the complaint alleges that Liberty is an "insurance company" for the purposes of K.S.A. 40-256 and that Liberty has refused without

just cause or excuse to pay Nowak's claim. On this basis, Nowak alleges that it is entitled to an award of attorneys' fees under K.S.A. 40-256. This case is now before the court upon Liberty's motion to dismiss the second count of the complaint. Doc. No. 6.

K.S.A. 40-256 provides as follows:

> That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . , if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs: *Provided, however*, That when a tender is made by such insurance company . . . before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

(emphasis added).

Liberty argues that this is a Miller Act case and that the Supreme Court held in F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., 417 U.S. 116, 127 (1974)("Rich") that the Miller Act does not provide for an award of attorneys' fees for successful litigants. Nowak does not dispute the described holding in Rich. Nowak argues, however, that it is not asking for attorneys' fees under the Miller Act, but instead is bringing an independent supplemental state law claim for attorneys' fees under K.S.A. 40-256. Liberty replies that

K.S.A. 40-256 does not permit an "independent" claim for attorneys' fees because the language of the statute requires an action against an insurance company on a policy of insurance. Liberty asserts that when the policy in question is a payment bond and a claim is brought under the Miller Act, the provisions of the Miller Act control the relief available.

Liberty's position, that there can be no supplemental state claim for attorneys' fees under K.S.A. 40-256 without an independent state cause of action on a policy of insurance, is attractive to the court. This was the holding in an analogous case, U.S., For the Use of General Elec. Supply Co. v. Minority Electric Co., 537 F.Supp. 1018, 1021 (D.Ga. 1982). There, the court refused to permit an amendment to a Miller Act complaint which sought to add a claim for attorneys' fees under a Georgia statute which allowed for a recovery of attorneys' fees and a penalty as part of a judgment in litigation alleging bad faith refusal to pay under a surety contract. One of the arguments made for the amendment was that it was a separate state law claim made pursuant to pendent jurisdiction. The court rejected the argument stating:

> [P]endent jurisdiction necessarily involves two claims: a federal claim and a state claim. In this case, however, plaintiff has brought only one cause of action, the Miller Act suit. There is no reference in the complaint to any state cause of action over which pendent jurisdiction can be exercised.

Id. This holding was followed years later in U.S. v. All American Bldg. Systems, Inc., 857 F.Supp. 69 (N.D.Ga. 1994).

The court also sees a parallel with claims for attorneys' fees under 42 U.S.C. § 1988(b) which allows for the recovery of fees, "as part of the costs," "in any action or proceeding" to enforce the provisions of various civil rights statutes. It is commonly stated that § 1988 does not create a separate cause of action. See, e.g., North Carolina Dep't of Transp. v. Crest St. Comty. Council, Inc., 479 U.S. 6, 12 (1986)("§ 1988 does not authorize a court to award attorney's fees except in an action to enforce the listed civil rights laws"); Maxineau v. City of New York, 2013 WL 3093912 *3 (E.D.N.Y. 6/18/2013)("§ 1988 does not establish a separate cause of action . . . but merely provides a means for a prevailing party to recover reasonable attorney's fees in a § 1983 action"); Rodriguez v. Ohio Bureau of Criminal Investigation, 2013 WL 708034 *1 n.1 (S.D.Ohio 2/25/2013)("§ 1988 does not create a separate substantive cause of action"); Gordon v. City of Hoisington, Kansas, 2008 WL 347692 *2 n.12 (D.Kan. 2/7/2008)("§ 1988 does not create a separate cause of action"). In Crest St., the Court held that it did not matter that in prior litigation a court might have been able to award attorneys' fees. The controlling fact was that in the case before the Court the plaintiff brought a

completely independent action for attorney's fees which was not authorized under § 1988.

But, the court shall not dismiss Nowak's claim under K.S.A. 40-256 on substantive grounds. The issue raised by the motion to dismiss concerns a question of state law interpretation which, from the parties' briefs and the court's own research, appears novel. Therefore, the court shall employ its discretion under 28 U.S.C. § 1367(c)(1) to decline to exercise supplemental jurisdiction over Count Two of the complaint.

In conclusion, Liberty's motion to dismiss (Doc. No. 6) shall be granted. The court shall dismiss Nowak's claim for attorneys' fees in Count Two of the complaint without prejudice.

**IT IS SO ORDERED.**

Dated this_13th _ day of November, 2013, at Topeka, Kansas.

sRichard D. Rogers
Richard D. Rogers
United States District Judge